**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DIEGO NAVA MURGUIA,

          Petitioner,

    v.

JOHN MATTOS, *et al.*,

          Respondents.

Case No. 2:26-cv-00814-RFB-NJK

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Diego Nava Murguia's Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241. See generally ECF No. 1 [hereinafter, "Petition"]. Through it, he challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Respondents are detaining Petitioner without providing an opportunity for release on bond, as they assert that he is subject to 8 U.S.C. § 1225(b)(2)(A). See ECF No. 7 at 2 [hereinafter, "Opposition"]. Petitioner argues that his detention violates: (i.) the Immigration and Nationality Act ("INA"); (ii.) the procedural component of the Fifth Amendment's Due Process Clause; and (iii.) the substantive component of the Fifth Amendment's Due Process Clause. See Petition at 6–9.

In turn, Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention once more. See generally Opposition. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has repeatedly rejected it as unlawful, recently granting classwide relief through the issuance of a declaratory judgment rejecting Respondents' position and setting aside (vacating) the July 8th ICE Memo and Board of Immigration Appeals ("BIA") decision that sets forth Respondents' statutory argument, Matter of

Yajure Hurtado, 29 I. & N. 216 (BIA 2025). See Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 U.S. Dist. LEXIS 67643 (D. Nev. March 30, 2026) (granting partial summary judgment in noncitizen class's favor, issuing the aforementioned relief, and collecting cases). Consistent with its prior decisions, the Court finds that Petitioner is a member of the Ramirez class and that Respondents' ongoing detention of Petitioner is statutorily, and constitutionally, unlawful. Thus, the Court grants Petitioner a writ of habeas corpus and orders Respondents to provide him a prompt bond hearing—or immediately release him from custody.

The Court makes the following findings of fact based on the Parties' undisputed factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950). Petitioner is a citizen of Mexico who entered the country without inspection, admission, or parole in or around 2002. See Petition at 6; see also ECF No. 7-1 (Petitioner's Record of Inadmissibility/Deportability—i.e., I-213) [hereinafter, "I-213"]. On March 3, 2026, Petitioner was detained by ICE in Pahrump, Nevada, pursuant to an immigration detainer lodged by the Salt Lake City Enforcement and Removal Operations ("ERO"), as the Nye County Sheriff's Office had arrested Petitioner on suspicion of driving under the influence. See I-213 at 3. When Petitioner was detained by ICE, the Department of Homeland Security ("DHS") issued him a Notice to Appear ("NTA"), commencing removal proceedings against him under § 1229a and charging him with, inter alia, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection. See ECF No. 7-2 (Notice to Appear). Petitioner is now being detained by Respondents at NSDC without an opportunity for release on bond, as they claim that he is properly detained pursuant to the authority of 8 U.S.C. § 1225(b)(2)(A). See Petition at 1–2; Opposition at 2.

Consistent with its prior decisions, the Court rejects Respondents and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who were arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions—which the Court incorporates and adopts by reference in this case. See, e.g., Ramirez, 2026 U.S. Dist. LEXIS 67643; Escobar Salgado v. Mattos, ---- F. Supp. 3d ---, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17,

- 2 -

2025). Petitioner is a member of the <u>Ramirez</u> class and is therefore entitled to a bond hearing and other procedural protections under the proper detention authority: 8 U.S.C. § 1226(a).

Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in <u>Buenrostro-Mendez v. Bondi</u>, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, <u>see</u> <u>id.</u> at *10–18 (Douglas J., dissenting), and by other district courts. <u>See</u>, <u>e.g.</u>, <u>Carbajal v. Wimmer</u>, No. 2:26-cv-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); <u>Singh v. Baltazar</u>, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, <u>Buenrostro-Mendez</u> did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court incorporates by reference the legal authorities and standards set forth in <u>Escobar Salgado</u> regarding the due process rights of noncitizens in Petitioner's position; as before, the Court rejects Respondents' extreme interpretation of <u>Dep't of Homeland Sec. v. Thuraissigiam</u>, 591 U.S. 103 (2020)—*i.e.*, that *all* undocumented noncitizens who are present in this country are not entitled to due process under the Constitution. <u>See</u> <u>Escobar Salgado</u>, 809 F. Supp. 3d at 1159–1160; <u>see also generally</u> <u>Padilla v. U.S. Immigr. and Customs Enf't</u>, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). To date, Respondents have not asserted that Petitioner is either dangerous or a flight risk. <u>See generally</u> Opposition; <u>cf. also</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001) (explaining that the only legitimate, narrow, non-punitive justifications for civil immigration detention are two regulatory goals: (1) to "ensure[ ] the appearance of [noncitizens] at future immigration proceedings" and (2) to "prevent[ ] danger to the community."). Consistent with its prior decisions, the Court finds that Respondents' civil detention of Petitioner violates his procedural and substantive due process rights; after all, he has not been afforded *any* process which could ensure that his detention is supported by individualized, constitutional justifications. <u>See</u> <u>Escobar Salgado</u>, 809 F. Supp. 3d at 1158–1162.

Indeed, as a result of Respondents' unlawful mandatory detention policy, Petitioner has been deprived of "substantial" procedural protections which he is entitled to under 8 U.S.C.

§ 1226(a) and its implementing regulations. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). First, based on the evidence and representations submitted to this Court, Petitioner was deprived of an "initial custody determination" by ICE, where he would have had the opportunity to obtain release on bond, or conditional parole, by demonstrating "that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). In addition, Petitioner has been deprived of an opportunity to seek review of that initial custody determination through a "prompt bond hearing" before an immigration judge, which could be appealed to the BIA, and—to the extent the denial of bond was legally erroneous or an abuse of discretion—which would be subject to judicial review in habeas corpus proceedings. See id. at 1210; see generally Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024). In short, § 1226(a) supplies various procedural protections to guard against unlawful detention. Unfortunately, Petitioner has not been afforded any of them.

As such, the Court finds that Petitioner is subject to a constitutionally intolerable risk of arbitrary, erroneous, prolonged detention. Under these circumstances—which are infected with statutory, regulatory, and due process violations—the typical procedures governing bond hearings are insufficient to safeguard our Constitution's guarantee of due process. Instead, the Court concludes that the appropriate remedy is a bond hearing where the burden to justify Petitioner's detention is shifted to the government. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). This remedy will directly address "the risk of error inherent in the truthfinding process," Mathews, 424 U.S. 319, 344 (1976), which has only been exacerbated by Respondents' disregard for longstanding procedures, which they themselves developed—and generally adhered to—until now.

The Court thus orders Respondents to conduct a bond hearing for Petitioner under § 1226(a), and its implementing regulations, wherein the government must prove, by clear and convincing evidence, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—i.e., that his detention is necessary to prevent danger to the

- 4 -

community or to ensure his future appearance at removal proceedings. Cf. Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond."), abrogation on statutory grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community").

In considering the evidence, the IJ must "weigh[ ] nine factors under BIA precedent." Martinez, 124 F.4th at 793 (citing In Re Guerra, 24 I&N Dec. 37 (BIA 2006).[1] If there is any doubt the government has conclusively proven dangerousness or flight risk, the immigration court must consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond. See Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017). The immigration court must further create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and that is available to this Court so that it can ensure the immigration court's compliance with this Order—i.e., the application of the correct evidentiary burden; the application of the correct evidentiary standard; and sound findings regarding danger and flight risk which do not amount to an abuse of discretion. See Martinez, 124 F.4th at 779 (holding federal district courts have habeas jurisdiction to determine whether the appropriate evidentiary burden and evidentiary standard is applied in a bond hearing de novo, as a "question of law," and to review an IJ's dangerousness finding for abuse of discretion, as a "mixed question of law and fact") (citing Wilkinson v. Garland, 601 U.S. 209 (2024)).

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents' continued enforcement of unlawful detention policies, the

---

[1] These factors include "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." Martinez, 124 F.4th at 793 (citing Guerra, 24 I. & N. Dec. at 40).

Court orders Respondents to provide a bond hearing promptly—*i.e.*, no later than **April 6, 2026**—or immediately release him from custody on his own recognizance with no substantial constraints on his liberty. See Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) ("A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require[.]") (internal quotation marks and citations omitted).

Based on the foregoing **IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, and consistent with the other requirements described above, no later than **April 6, 2026**.

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** that Petitioner be afforded until **May 6, 2026,** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found that the regulatory automatic stay is facially unconstitutional and adopts that finding here. See generally Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **April 6, 2026**, Respondents must **IMMEDIATELY RELEASE** Petitioner from custody on his own recognizance. This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **April 7, 2026**. The status report shall detail whether the bond hearing occurred, whether bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that if bond is denied, Federal Respondents must (1) **ATTACH** the order of the immigration court to the joint status report AND (2) **PROVIDE** the contemporaneous record of the bond hearing to Petitioner's counsel **IMMEDIATELY** upon request.

Finally, pursuant to Federal Rule of Civil Procedure 25(d), **IT IS FURTHER ORDERED** that the current Secretary of Homeland Security—Markwayne Mullin—is **SUBSTITUTED** for Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

The Clerk of Court is further instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** April 1, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 7 -